MOORE *v.* WEST SCHOOL DIST. OF HOLMES COUNTY.*

(Division B. Jan. 25, 1926.)

[106 So. 750. No. 25315.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Issuance of bonds after adoption of School Code governed by it, though district previously formed.*
    School Code of 1924, being in force when resolution for issuance of bonds of school district was passed, controls as to their validity, though district was formed before Code was adopted.

2. SCHOOLS AND SCHOOL DISTRICTS. *Bonds void for not providing annual maturity in amount required by statute.*
    Laws 1924, chapter 283, section 186, requiring not less than one twenty-fifth of a school district bond issue to mature in each of ten certain years, is mandatory; so that, it being provided that five hundred dollars thereof shall mature each of said years, when, under the statute not less than six hundred dollars should mature, they are void.

---

*Corpus Juris-Cyc. References; Schools and School Districts, 35 Cyc., pp. 988, n. 70; 996, n. 49.

APPEAL from chancery court of Holmes county.

HON. T. P. GUYTON, Chancellor.

Proceeding by the county board of supervisors to validate bond of the West school district of Holmes county, opposed by H. A. Moore. From a decree of validation, said Moore appeals. Reversed and decree rendered.

*Boothe & Pepper,* for appellants.

The West school district as a line school district was in full legal existence on April 16, 1924, when the school board of Holmes county, without notice to the patrons of the school, attempted to change the boundaries of the district.

Bonds should have been issued in accordance with provisions of section 114, chapter 283, Laws of 1924, wherein it is provided among other things, ''in issuing bonds on line consolidated school, the county superintendents of the several counties affected shall certify to the board of supervisors the proportionate amounts of the bond issue to be borne by each county, based on the proportionate amount of property in each county lying within the school district.'' The procedure therein outlined was not even attempted.

All of our school laws were consolidated in chapter 283, Laws of 1924. This case arose under the bond validation law, chapter 28, Laws of 1917, as amended by chapter 252, Laws of 1922. On the hearing in the court below, the bond attorney and associate counsel took the position that, in validation bond contests the organization of the district could not be attacked, relying on the case of *Lincoln County* v. *Wilson,* 125 Miss. 837.

The above case, however, is distinguished in *Williams* v. *Lee,* 97 So. 14; *Guy* v. *Sardin,* 119 Miss. 359; *Liddell* v. *Noxapater,* 129 Miss. 513. There is no contentions in this case nor intimation in the record that the school code had been complied with.

This bond issue should not have been validated by the learned chancellor, but the same should have been declared void and of no effect, which this court is now requested to do.

*Ruff & Johnson,* for appellee.

The burden of proof was upon appellant to prove that a common line school did exist. He has failed to meet this burden. There is nothing in the record to show that prior to April 16, 1924, the county school board of Holmes county or the superintendent of education of Holmes county, ever took any action to embrace a part of Holmes county in a line school as provided by section 4514, Code of 1906, or any amendment of that section.

Counsel stresses chapter 287, Laws of 1924, in support of his contention that the alleged West line school district was functioning on November 16, 1924, as a valid line school district, and that its organization was validated by that act, although organized irregularly. That chapter refers only to three sorts of school districts, namely, municipal separate school districts, unincorporated or rural school districts and consolidated school districts, and has no application whatever to a line school, unless the line school be a consolidated school district or a separate school district.

It is contended that the bonds were not issued in compliance with section 186, chapter 283, Laws of 1924, for the reason that the bonds maturing each year during the second five-year period are less than one twenty-fifth of the total issue. It is true that one twenty-fifth of the total issue would be six hundred dollars. However, it will be noted that during the first five-year period of this issue a bond in the sum of five hundred dollars matures each year, which is two hundred dollars in excess of the amount required by the statute. We contend that this is a substantial compliance with the re-

quirements of this statute and fully meets the purpose for which the statute was enacted.

We contend that appellant has failed to meet the burden placed upon him to prove that the West school district was illegally formed or that there was any error in any of the proceedings of the county school board or of the board of supervisors, and these issues have been decided adversely to him by the chancellor. The bonds mature in such manner as to practically comply with the statute. At the end of ten years, the taxpayers will have paid five hundred dollars more bonds than if the bonds had been issued with the minimum maturities provided by the statute.

Argued orally by *A. M. Pepper*, for appellant, and *H. H. Johnson*, for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, board of supervisors of Holmes county, instituted this proceeding under our bond validation statute (chapter 28, Laws of 1917 [Extra Sess.]; Hemingway's Code Supp. 1921, sections 3812a to 3812e, inclusive), to validate the bonds of West school district, a rural school district of Holmes county. Objections to the validation of the bonds were filed by appellant, a qualified elector and taxpayer in said school district. There was a trial by the chancery court resulting in a decree validating the bonds. The amount of the bond issue provided for by appellee was fifteen thousand dollars.

The West school district was formed by the school board of Holmes county before the adoption of the School Code. Chapter 283, sections 1 to 317, inclusive, Laws of 1924. However, when the appellee, provided by resolution for the issuance of the bonds fixing the amount to be issued, denominations, rate of interest, maturities,

etc., the School Code was in force, and therefore controlled.

Section 186, subs. 22, chapter 283, pp. 473, 474, Laws of 1924, provides: "All bonds issued under the authority of this act shall be serial bonds maturing annually with all maturities not longer than twenty-five years with not less than one-fiftieth of the total issue to mature each year during the first five years of the life of said bonds and not less than one-twenty-fifth of the said total issue to mature annually during the succeeding ten-year period of the life of said bonds and the remainder to be divided into approximately equal payments, one payment to mature during each year of the remaining life of the bonds."

The resolution adopted by appellee fixing the date, denominations, and maturities of the bonds provided:

"That said bonds shall bear date of June 1, 1925, shall be serial in form, and shall run through a series of twenty-five years from their issuance; shall mature five hundred dollars on June 1, 1926, and five hundred dollars on June 1st of each year thereafter for the next nineteen years, and shall mature one thousand dollars on the 1st day of June, 1946, and one thousand dollars on the 1st day of June of each year thereafter for the next·four years."

It will be observed that the statute provides that not less than one-fiftieth of the total bonds issued shall mature yearly for the first five years. That provision of the statute was complied with. In the next clause of the statute it is provided that not less than one twenty-fifth of the total amount of bonds issued shall mature annually during the succeeding ten-year period of the life of the bonds. This provision of the statute was violated. Six hundred dollars is one twenty-fifth of fifteen thousand dollars, the total issue of the bonds involved. It will be noted that the resolution of appellee providing for the maturities of the bonds, instead of making not less than one twenty-fifth of the whole issue mature annually

for the ten-year period, makes five hundred dollars (one hundred dollars less than one twenty-fifth of the whole issue) due annually for the next nineteen years after the first five-year period.

Appellee argues that this was a substantial compliance with the law. We do not think so. There is a very material difference between maturities of five hundred dollars a year and maturities of six hundred dollars a year. The statute is mandatory. If violated the bonds will be void. Appellee had no discretion as to the denominations of the bonds except as to sums above the minimums fixed by the statute, nor as to their maturities, except as to maturities beyond twenty-five years. We find no merit in the other contention of appellant.

It follows from these views that the decree of the chancery court validating the bonds is erroneous, and judgment will be entered here invalidating the bonds.

*Reversed, and judgment here.*